Balboni *v.* Balboni.

THOMAS BALBONI *vs.* CONNIE BALBONI.

No. 95-P-1224.

Essex. August 22, 1995. - August 30, 1995.

Present: WARNER, C.J., JACOBS, & FLANNERY, JJ.

*Minor*, Custody. *Parent and Child*, Custody of minor. *Divorce and Separation*, Child custody. *Practice, Civil*, Assistance of counsel.

A probate judge contemplating an award of custody of a minor child to the Department of Social Services under G. L. c. 119, § 23 (C), must follow the mandate of G. L. c. 119, § 29, and ensure the child's right to representation by independent counsel. [211]

COMPLAINT for divorce filed in the Essex Division of the Probate and Family Court Department on October 28, 1992.

Motions for temporary orders were heard by *Mary McCauley Manzi*, J.

*Eric S. Maxwell* for the minors.

*Thomas F. Schiavoni*, guardian ad litem, was present but did not argue.

*David W. Rifkin* for Thomas Balboni, was present but did not argue.

WARNER, C.J. In the course of divorce proceedings, a judge of the Probate Court, on January 19, 1993, presumably[1] pursuant to G. L. c. 119, § 23 (C) (1992 ed.),[2] ordered the Department of Social Services (DSS) to take temporary custody of the litigants' two minor children pending the out-

---

[1]While the order did not make specific reference to G. L. c. 119, § 23(C), it gave "legal and physical care and custody" of the parties' two minor children to the Department of Social Services.

[2]"C. The department may seek and shall accept on order of a probate court the responsibility for any child under eighteen years of age who is without proper guardianship due to death, unavailability, incapacity or unfitness of the parent or guardian, or on the consent of the parent or parents."

come of the divorce action. The order was extended for an additional year following the entry of judgment nisi on June 30, 1995.[3] See *Petition of the Dept. of Social Servs. to Dispense with Consent to Adoption,* 22 Mass. App. Ct. 62, 66 (1986). When DSS involvement became imminent, the judge was required, pursuant to G. L. c. 119, § 29,[4] to inform the children of their right to counsel, and to appoint counsel on behalf of the children to represent their interests at all hearings regarding DSS custody if they were not able to retain counsel. We hold that when a Probate Court judge contemplates an award of custody of a minor child to DSS under G. L. c. 119, § 23(C), the judge must follow the mandate of G. L. c. 119, § 29, and ensure the child's right to representation by independent counsel. We do not intimate that a child whose custody is in dispute in a divorce action has a right to counsel.

We vacate the order of the probate judge striking the appearance of counsel for the minor children. We remand for a further hearing to determine custody under G. L. c. 119, § 23(C). Prior to the commencement of such hearing, the probate judge shall determine whether the children are able to retain their own counsel, and, if not, shall appoint counsel for the children to represent their interests at that hearing and at all future hearings involving DSS custody. G. L. c. 119, § 29.

*So ordered.*

---

[3]A single justice of this court allowed motions to expedite the present appeal.

[4]"Whenever a child is before any court under subsection C of section twenty-three . . . said child shall have and shall be informed of the right to counsel at all hearings, and if said child is not able to retain counsel, the court shall appoint counsel for said child."