ADOPTION OF RORY
(and a companion case[1]).

No. 10-P-2246.

Worcester. May 10, 2011. - September 23, 2011.

Present: COHEN, SMITH, & WOLOHOJIAN, JJ.

*Practice, Civil,* Relief from judgment, Assistance of counsel. *Due Process of Law,* Care and protection of minor, Standard of proof. *Parent and Child,* Care and protection of minor. *Constitutional Law,* Assistance of counsel.

In a care and protection proceeding to terminate a father's parental rights, a Juvenile Court judge erred in denying the father's motions for relief from judgment and for a new trial, where the allowance of the motion of the Department of Children and Families to strike the appearance of counsel for the father, based on the father's absence at trial, constituted a violation of the father's due process rights, in that, given the father's communication with his attorney up until the day of the trial, the father did not absolutely abandon his participation in the trial. [457-459]

PETITIONS filed in the Worcester Division of the Juvenile Court Department on January 13 and November 4, 2009.

The cases were heard by *George F. Leary,* J., and motions for relief from judgment and for new trials, filed on September 24, 2010, were heard by him.

*Beth M. Nussbaum* for the father.

*Lynne M. Murphy* for Department of Children & Families.

*Maria L. Rockwell* for the children.

SMITH, J. The Department of Children and Families (department) filed petitions under G. L. c. 119, § 24, alleging that Rory and Sam were children in need of care and protection. After separate trials on each petition, a judge in the Juvenile Court concluded that both children were in need of care and protection and dispensed with the need for their father's consent to adoption, guardianship, custody, or other disposition of the

[1]Adoption of Sam. The children's names are pseudonyms.

children pursuant to G. L. c. 119, § 26, in accordance with G. L. c. 210, § 3, which effectively terminated the father's parental rights.[2]

The father filed a motion for leave to file late notices of appeal, which was denied. He thereafter filed motions for relief from judgment and for new trials. Mass.R.Civ.P. 60(b), 365 Mass. 828-829 (1974).[3] The motions were heard in a consolidated hearing before the judge who had issued the original decrees, and they were also denied. On appeal, he claims the motions should have been granted, as his due process rights were violated when the appearance of his attorney was struck from each trial. We agree and reverse.

*Background.* The relevant facts are as follows. In January, 2009, the department commenced a petition alleging that Rory was in need of care and protection. Later that same year, a petition was commenced as to Rory's younger brother, Sam. On March 31, 2010, a trial was held as to Rory, at which the father was not present, although his attorney appeared on his behalf. At the beginning of the proceedings, the father's attorney requested a continuance because her "client was unable to be here today." When asked by the judge whether the father was aware of the proceedings, his attorney confirmed that he was. The department's attorney then stated, "Your honor, I would respectfully move that the appearance of [the father's attorney] be stricken from this matter. Her client has chosen not to be here." The judge granted the department's motion over the attorney's objection, noting that the father "has chosen not to appear, and we have no idea why, and that seems like an abandonment of the proceedings." The father's attorney then added, "for the record," that the father had directed her to advocate that his mother (grandmother) be considered as a placement resource for the child. The judge responded that consideration of the grandmother could have been guaranteed if the father had been present in court.

---

[2]The mother stipulated to the termination of her parental rights as to both children and is not a party to this appeal.

[3]We look to rule 60(b) by analogy and as a cogent standard because the Massachusetts Rules of Civil Procedure do not apply to proceedings to dispense with consent to adoption. *Care & Protection of Zelda,* 26 Mass. App. Ct. 869, 871 (1989). *Adoption of Reid,* 39 Mass. App. Ct. 338, 341 (1995). *Adoption of Yvette (No. 1),* 71 Mass. App. Ct. 327, 335 n.9 (2008).

Shortly thereafter, on April 12, 2010, trial was held as to Sam. The father did not appear in court, but his attorney again appeared on his behalf, requesting a short continuance because the father was aware of the court date and was "in the area." The department objected and moved to strike the attorney's appearance due to the father's absence. The judge allowed the motion and struck the attorney's appearance over her objection, stating that the attorney had been "placed in a difficult spot, because it appears that your client has abandoned these proceedings, and perhaps even abandoned the child, and in so doing, having voted with his feet, it is unnecessary for you to be here to contest this matter on his behalf."

During each trial, the department entered several exhibits, including the affidavit of department social worker Allison Buckley and the court investigator's report.[4] Buckley also testified at each trial. At the end of the proceedings, the father's parental rights were terminated as to each child.

On September 24, 2010, through a new attorney (hearing attorney), the father filed Mass.R.Civ.P. 60(b) motions for relief from the decrees and for new trials as to both children. A consolidated hearing on the motions was held on September 30, 2010, at which the father's trial attorney, Buckley, and the father testified. The father's trial attorney testified that, in the weeks leading up to the trials, she was in communication with the father and received specific instructions from him about how to proceed at the trial in regard to Rory. In fact, she received a communication from him on March 30, 2010, the day before the first trial. She also confirmed that during her representation she and the father had discussed his case involving Sam. On cross-examination, the attorney acknowledged that some of her communications with the father were through text messages, including the March 30 communication. She also noted that she did not have any further direct communication with the father during the time between the trials.

The father testified that the reason he did not appear at the two trial dates was because there were warrants out for his arrest

---

[4]The other exhibits were birth certificates as to each child, a judgment of paternity as to Rory, and evidence of personal service on the father as to Sam and publication as to Rory.

related to an incident that had occurred with the children's mother.[5] Buckley stated in her testimony and in an affidavit entered into evidence that, before the March 30 trial, she informed the father by telephone that his rights could be terminated if he did not come to court.

In his ruling on the father's motions for relief from judgment, the judge reaffirmed his conclusion that the father had abandoned each of the proceedings "by voluntarily refusing, without justification, to appear at trial (due to his desire to avoid apprehension)." The judge supported his conclusion with the observation that instead of appearing in court, the father "attempted to manipulate the trial process by instructing his attorney to propose the sole strategy of seeking third-party custody of one child."[6] The judge further noted that the father's use of text messaging as a means of communication with his attorney did not constitute participation in the trial and was insufficient to overcome the conclusion that he had abandoned the proceedings. The judge lastly added that were the defendant to prevail, he lacked a meritorious claim or defense and that such a result would negatively affect the substantial rights of the children. This appeal followed.

*Discussion.* The father claims that his motions for relief from judgment should have been granted pursuant to Mass.R.Civ.P. 60(b)(4), as he was denied the right to an attorney at each trial, thus rendering the underlying decrees in each case void. Although we generally review the denial of a rule 60(b) motion for abuse of discretion, *Murphy* v. *Administrator of the Div. of Personnel Admn.*, 377 Mass. 217, 227 (1979), "an important exception exists to the principle that a motion for relief from judgment is addressed to the judge's discretion. If a judgment is void for lack of subject matter or personal jurisdiction, or for failure to conform to the requirements of due process of law, the judge must vacate it. See *Harris* v. *Sannella*, 400 Mass. 392, 395 (1987); *O'Dea* v. *J.A.L., Inc.*, 30 Mass. App. Ct. 449, 455 (1991)." *Wang* v. *Niakaros*, 67 Mass. App. Ct. 166, 169 (2006).

"Parents have a fundamental liberty interest in maintaining custody of their children, which is protected by the Fourteenth

---

[5]Those charges were later dismissed.

[6]We fail to see how proposing a sole strategy of seeking third-party custody of one child is an attempt to manipulate the trial process.

Amendment to the United States Constitution." *Care & Protection of Erin*, 443 Mass. 567, 570 (2005). "State action terminating a parent-child relationship must comport with due process, including notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Adoption of Zev*, 73 Mass. App. Ct. 905, 905 (2009). "[F]undamental fairness, as well as due process concerns, requires that a parent be given the opportunity to rebut adverse allegations concerning his or her child rearing capabilities." *Brantley* v. *Hampden Div. of the Probate & Family Ct. Dept.*, 457 Mass. 172, 185 (2010), quoting from *Duro* v. *Duro*, 392 Mass. 574, 580 (1984).

Although deprivation of the right to an attorney has not previously been recognized as grounds for granting a motion under rule 60(b)(4), we conclude, based on the facts of this case, that a judgment may be void on that basis. Our courts have repeatedly recognized that an indigent parent is constitutionally entitled to a court-appointed attorney in proceedings that terminate parental rights. See *Department of Pub. Welfare* v. *J.K.B.*, 379 Mass. 1, 4 (1979) ("[a]n indigent parent facing the possible loss of a child cannot be said to have a meaningful right to be heard in a contested proceeding without the assistance of counsel. This is particularly so where the State, her adversary, is not only represented by counsel but also has vastly superior resources for investigation and presentation of its case"); *Custody of Two Minors*, 396 Mass. 610, 618 (1986); *Adoption of Olivia*, 53 Mass. App. Ct. 670, 674 (2002).

The right to an attorney, however, is not absolute. *Ibid.* In *Care & Protection of Marina*, 424 Mass. 1003, 1004 (1997) (*Marina*), the Supreme Judicial Court held that there was no abuse of discretion or error in striking the appearance of the attorney where a parent had failed to appear for numerous sessions, including those regarding dispensing with the parental consent to adoption, and had failed to communicate with either the department or his attorney during that time. In short, the court concluded that no waiver of the right to an attorney need be shown due to "the petitioner's apparent absolute abandonment of participation in any remaining termination of parental rights or care and protection proceedings." *Id.* at 1003. Likewise here, the father's attorney's appearance was struck based on the judge's finding that the father had abandoned the proceedings.

We conclude that the circumstances of this case are distinguishable from those in *Marina*. Here, the father did not absolutely abandon his participation in the trials. As noted by the trial attorney at the hearing on the rule 60(b) motions, the father directly communicated with his attorney via text message the day before the March 31, 2010, trial. Although, as the judge observed, that particular message was limited and brief, we disagree that it did not constitute participation in the trial. Rather, it effectively and directly communicated an instruction from the father to his attorney about how to proceed. Furthermore, the father and his attorney had engaged in regular communications about both children "the entire time the case was open up until March 31." Also, unlike in *Marina*, the father here appeared in court seven times prior to trial.[7]

Because the father did not abandon the proceedings, his due process rights were violated when the appearance of his attorney was struck from both the March 31, 2010, and April 12, 2010, trials.[8,9] The underlying decrees were accordingly void under rule 60(b)(4).

*Conclusion.* The denials of the motions for relief from judgment are reversed, and the decrees terminating the father's parental rights are vacated. The cases are remanded to the Juvenile Court for new trials consistent with this opinion.

*So ordered.*

---

[7]His most recent court appearance before the trial was January 19, 2010. According to the relevant dockets, no other court dates occurred between January 19 and March 31.

[8]Rather than striking counsel, the judge should have drawn a negative inference from the father's voluntary absence from each trial. Compare *Custody of Two Minors*, 396 Mass. 610, 617 (1986).

[9]We note that *Adoption of Hugh*, 35 Mass. App. Ct. 346, 347 (1993), was decided pursuant to rule 60(b)(6) and did not address rule 60(b)(4).