ADOPTION OF MEAGHAN. January 30, 2012. *Adoption,* Dispensing with parent's consent. *Due Process of Law,* Adoption, Assistance of counsel. *Parent and Child,* Adoption.

The legal guardians of a child, as "person[s] having [her] care or custody," filed a petition to adopt her pursuant to G. L. c. 210, §§ 3 (*a*), 6. The child's father, who is indigent and whose parental rights will be terminated if the guardians' petition is granted, filed an objection to the adoption.[1] A judge in the Probate and Family Court appointed counsel for the father and child. The Committee for Public Counsel Services (CPCS), seeking a ruling as to whether it was authorized to compensate counsel in these circumstances, moved to intervene for the purpose of asking the judge to reserve and report the question of the father's and child's entitlement to appointed counsel in a case initiated by private parties. See G. L. c. 211D, § 5 (CPCS authorized to provide counsel for indigent person where "the laws of the commonwealth or the rules of the supreme judicial court require that a person in such proceeding be represented by counsel"). The judge allowed CPCS to intervene and reported the matter to the Appeals Court pursuant to G. L. c. 215, § 13. We transferred the case to this court on our own motion.

---

[1]The child's mother is deceased.

As framed by the judge, the question is as follows:

"Children and indigent parents have a constitutional right to counsel in termination of parental rights proceedings brought by the Department of Children and Families [department] or a licensed child care agency. Children and indigent parents face the same loss of the substantive due process right to family integrity in termination of parental rights/adoption proceedings filed by 'person(s) with care and custody.' Should children and indigent parents have a right to court-appointed counsel in termination/adoption proceedings filed by 'person(s) with care and custody' of a child?"

We shall treat this as a report of the correctness of the judge's interlocutory orders appointing counsel for the father and child. As the judge observed, where proceedings to terminate parental rights are initiated by the department or other agency, an indigent parent has a constitutional right to appointed counsel. *Department of Pub. Welfare* v. *J.K.B.*, 379 Mass. 1, 3-4 (1979). The child, too, is entitled to appointed counsel in such proceedings. G. L. c. 210, § 3 (*b*). No statute or decision of this court, however, expressly provides for appointed counsel in a case commenced by the would-be adoptive parents. CPCS, the father, and the child all argue that due process and equal protection principles require the appointment of counsel in such cases.[2] We agree.

Indigent parents in termination and adoption proceedings are entitled to counsel because "[t]he interest of parents in their relationship with their children has been deemed fundamental, and is constitutionally protected." *Department of Pub. Welfare* v. *J.K.B.*, *supra* at 3, citing *Petition of the Dep't of Pub. Welfare to Dispense with Consent to Adoption*, 376 Mass. 252, 264 (1978). "Before the State 'deprive[s] a legitimate [*sic*] parent of all that parenthood implies,' the requirements of due process must be met." *Department of Pub. Welfare* v. *J.K.B.*, *supra*, quoting *Armstrong* v. *Manzo*, 380 U.S. 545, 550 (1965). "An indigent parent facing the possible loss of a child cannot be said to have a meaningful right to be heard in a contested proceeding without the assistance of counsel. . . . Provision of appointed counsel not only safeguards the rights of the parents, but it assists the court in reaching its decision with the 'utmost care' and 'an extra measure of evidentiary protection,' required by law." *Department of Pub. Welfare* v. *J.K.B.*, *supra* at 4, and cases cited. These considerations may be more apparent in cases where the petitioner seeking termination of parental rights is "the State, [which] is not only represented by counsel but also has vastly superior resources for investigation and presentation of its case," *id.*, but they are no less present here. Where the petitioner is a private party, the same fundamental, constitutionally protected interests are at stake, and the cost of erroneously terminating the parent's rights remains too high to require an indigent parent to risk it without counsel.

The child's interests are somewhat different. While a child has an interest in family integrity, it may also be in the child's best interests permanently to terminate the parent's rights. See *Care & Protection of Robert*, 408 Mass. 52, 61-62 (1990). The decision whether to terminate is of enormous consequence to the child. The child cannot have a meaningful opportunity to be heard in a

---

[2]The child's guardians have not submitted a brief in this matter. No party or amicus has emerged to argue that the father and child are *not* entitled to appointed counsel.

contested proceeding without the assistance of counsel, regardless whether the case is initiated by the department or other agency or by a private party.[3] Moreover, as CPCS points out, children are entitled to appointed counsel in a variety of circumstances where the parent-child relationship is at stake. See G. L. c. 119, § 29. We agree that the judge properly appointed counsel for the child.

We answer the reported question in the affirmative as to contested proceedings. The orders of the Probate and Family Court judge appointing counsel for the father and child are affirmed.

*So ordered.*

*Peter Heffernan*, Committee for Public Counsel Services, for Committee for Public Counsel Services.

*Shelli C. Hamer*, for the child, submitted a brief.

*Margaret M. Geary*, for the father, submitted a brief.


---

[3]We decide only that the child has a right to counsel in a case where one or both parents contest the termination of their parental rights. We need not and do not decide whether a child has any right to counsel where a parent consents to such termination.