PATRICE GIANARELES *vs.* PATRICIA ZEGAROWSKI & another.[1,2] March 19, 2014. *Supreme Judicial Court,* Superintendence of inferior courts. *Probate Court,* Guardian. *Practice, Civil,* Appointment of guardian, Relief from judgment.

The petitioner, Patrice Gianareles, appeals from a judgment of a single justice of this court denying her petition pursuant to G. L. c. 211, § 3. We affirm.

*Background.* This matter began in the Probate and Family Court in July, 2012, when the respondent sought to have herself appointed as the guardian for the petitioner's infant child. See G. L. c. 190B, §§ 5-201 et seq. The respondent is the petitioner's grandmother and the child's great-grandmother. The child was one year old at the time the respondent commenced the guardianship proceeding; the petitioner was seventeen years old at that time.

---

[1]Vincenzo Valenti.

[2]The petitioner also named as a respondent the Essex Division of the Probate and Family Court Department. The court is a nominal party only. See S.J.C. Rule 2:22, 422 Mass. 1302 (1996).

The respondent was initially appointed as the child's temporary guardian, with a trial on the question of permanent guardianship scheduled to take place in December, 2012. Before trial, the petitioner — who had turned eighteen years old in the meantime — and the respondent entered into a written stipulation that provided, among other things, that the respondent would be appointed as the child's permanent guardian. The petitioner also executed a "Notarized Waiver and Consent to Petition for Guardianship of Minor," by which she purported to consent to the respondent's appointment as the permanent guardian. The petitioner was not represented by counsel at the time she signed either of these documents, or at any other point in the proceeding up until then. Based on the stipulation and the executed, notarized consent form, the judge issued a final decree appointing the respondent as the child's permanent guardian. See G. L. c. 190B, § 2-204.

In May, 2013, the petitioner, then represented by counsel, filed a petition to remove the respondent as the child's guardian, see G. L. c. 190B, § 5-212, and a motion for relief from the judgment pursuant to Mass. R. Civ. P. 60 (b) (4), 365 Mass. 828 (1974). She alleged in her rule 60 (b) motion that the judgment was "void for lack of due process because [the petitioner] was not appointed counsel or afforded alternative procedural safeguards to which she was entitled." The same judge who issued the final decree denied the motion. The petitioner filed a timely notice of appeal from that ruling. Her petition to remove the respondent as guardian remains pending and is being litigated in the Probate and Family Court; no trial date has yet been set for that petition.

In August, 2013, with her appeal from the denial of her rule 60 (b) motion not yet entered in the Appeals Court, the petitioner filed her petition in the county court pursuant to G. L. c. 211, § 3. She alleged, as she had alleged in her rule 60 (b) motion, that she had a constitutional right to have counsel appointed for her in the underlying guardianship proceeding. More specifically, she argued that parents whose minor children are the subject of guardianship proceedings pursuant to G. L. c. 190B, §§ 5-201 et seq., should be entitled to counsel just like parents whose children are the subject of care and protection proceedings pursuant to G. L. c. 119. The single justice did not entertain the petition on its substantive merits; he concluded instead that the petition failed to satisfy the basic threshold requirement for obtaining extraordinary relief under G. L. c. 211, § 3, namely, a showing that the petitioner had no adequate alternative remedy. The petitioner appeals on that very limited point.

*Discussion.* The requirement that there be no adequate alternative remedy is not, as the petitioner describes it, a mere "technicality." It is a critical component of one's entitlement to extraordinary relief under the statute, absent which a single justice is well within his or her discretion to deny relief. See *McMenimen* v. *Passatempo*, 452 Mass. 178, 184-185 (2008), *S.C.*, 458 Mass. 1007 (2010), and 461 Mass. 279 (2012), and cases cited. "Parties seeking relief must demonstrate that they have no other legal remedy to pursue and, therefore, a petition under G. L. c. 211, § 3, is the only alternative." *McGuinness* v. *Commonwealth*, 420 Mass. 495, 497 (1995), and cases cited. "Our jurisprudence under G. L. c. 211, § 3, consistently reinforces the principle, which is grounded in the statutory language, that the extraordinary power of general superintendence is meant for situations where a litigant has no adequate alternative remedy." *McMenimen* v. *Passatempo*, *supra* at 185.

As the single justice observed, the petitioner has an adequate alternative

remedy through an appeal from the denial of her rule 60 (b) motion. She can argue in such an appeal that she had a right to counsel in the guardianship proceeding and that her right was improperly denied. And if she prevails on that point, she can adequately vindicate her right by obtaining a new trial on the guardianship petition.

The Appeals Court's decision in *Adoption of Rory*, 80 Mass. App. Ct. 454 (2011), is illustrative. The trial judge in that case found two children to be in need of care and protection and dispensed with their father's consent to adoption. *Id.* at 454-455. The father did not appeal from the judgment. Months later he moved under rule 60 (b) for relief from the judgment, claiming that the judge, at trial, had improperly struck his counsel's appearance and thereby deprived him of his right to an attorney. *Id.* at 455. The judge denied the motion, and the father appealed. The Appeals Court treated the motion as one pursuant to rule 60 (b) (4) ("the court may relieve a party from a final judgment . . . [if] the judgment is void"), the same subsection of the rule on which this petitioner relies. While acknowledging the general principle that rulings on rule 60 (b) motions ordinarily are reviewed only for abuse of discretion, the court recognized that there exists an important exception to that principle: "If a judgment is void . . . for failure to conform to the requirements of due process of law, the judge must vacate it. See *Harris* v. *Sannella*, 400 Mass. 392, 395 (1987); *O'Dea* v. *J.A.L., Inc.*, 30 Mass. App. Ct. 449, 455 (1991)." *Adoption of Rory, supra* at 457, quoting *Wang* v. *Niakaros*, 67 Mass. App. Ct. 166, 169 (2006).

The Appeals Court concluded in *Adoption of Rory, supra* at 458-459, that the deprivation of the father's right to counsel in the circumstances of that case rendered the judgment void for purposes of rule 60 (b) (4). The court accordingly reversed the judge's denial of the motion, vacated the underlying decrees, and ordered a new trial. *Id.* at 459. We can conceive of no good reason why the petitioner in this case, in her appeal from the denial of her rule 60 (b) (4) motion, if she is successful on the merits of her claim that she had, and was deprived of, a constitutional right to counsel in the underlying guardianship proceeding, would not be entitled to precisely the same relief here. See *Petition of Worcester Children's Friend Soc'y to Dispense with Consent to Adoption*, 9 Mass. App. Ct. 594, 602 (1980) (relaxing strict restrictions ordinarily applicable under rule 60 [b] in case dispensing with mother's consent to adoption; "[c]onfinement to procedural boundaries cannot have priority over the concern at stake in proceedings to determine the best interests of a child").[3]

The dockets in the Probate and Family Court and in the Appeals Court indicate that the record for the petitioner's rule 60 (b) (4) appeal has not yet been assembled and that the appeal, therefore, has not yet been entered in the

---

[3]To support her argument that an appeal from the denial of the motion for relief from judgment pursuant to Mass. R. Civ. P. 60 (b) (4), 365 Mass. 828 (1974), would not be adequate, the petitioner relies on language in *Nolan* v. *Weiner*, 4 Mass. App. Ct. 800 (1976), that "no question of the propriety of the judgment itself [would fall] within the scope of that review." The *Nolan* case, and the cases cited in the *Nolan* decision for that proposition, see *Burnside* v. *Eastern Airlines, Inc.*, 519 F.2d 1127, 1128 (5th Cir. 1975); *Horace* v. *St. Louis Southwestern R.R. Co.*, 489 F.2d 632, 633 (8th Cir. 1974), are distinguishable from the circumstances here. Those cases did not involve rule 60 (b) (4) or any claim that the underlying judgment was void.

Appeals Court. A final decree has entered on the petition in the underlying guardianship case, and there is little doubt that the order on the rule 60 (b) (4) motion is a final, appealable order in that context, notwithstanding the pendency of the petitioner's separate petition to remove the guardian. Even if the rule 60 (b) (4) ruling could be viewed as interlocutory because of the pending petition to remove the guardian, which is doubtful, a judge in this circumstance can order the entry of a separate and final judgment on that piece of the litigation, so that the appeal on that time-sensitive piece can proceed immediately.

*Conclusion.* The single justice's judgment denying extraordinary relief under G. L. c. 211, § 3, shall be modified to include a direction to the Probate and Family Court to assemble forthwith the record for purposes of the petitioner's appeal from the denial of her rule 60 (b) (4) motion, and to transmit the assembled record to the Appeals Court. As modified, the judgment is affirmed.[4]

*So ordered.*

*Glenna Goldis* for the petitioner.
*Karen R. Galat* for the respondent.

---

[4]The respondent's request for attorney's fees is denied. Although the petitioner's appeal is unsuccessful, it is not frivolous. See Mass. R. A. P. 25, as appearing in 376 Mass. 949 (1979). The request for costs is governed by Mass. R. A. P. 26, as amended, 378 Mass. 925 (1979).