NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11739

GUARDIANSHIP OF V.V.


Essex.     January 5, 2015. - February 10, 2015.

Present: Spina, Cordy, Botsford, Duffly, Lenk, & Hines, JJ.


Probate Court, Guardian. Due Process of Law, Assistance of counsel. Practice, Civil, Appointment of guardian, Relief from judgment, Assistance of counsel, Moot case. Moot Question.



Petition for appointment of a guardian for a minor filed in the Essex Division of the Probate and Family Court Department on July 17, 2012.

The case was heard by Susan D. Ricci, J., and a motion for relief from judgment was considered by her; a petition for removal of the guardian, filed on May 7, 2013, was heard by Randy J. Kaplan, J.

The Supreme Judicial Court granted an application for direct appellate review.


Glenna Goldis for the mother.
Andrew L. Cohen, Committee for Public Counsel Services, for Committee for Public Counsel Services, amicus curiae, submitted a brief.
Susan R. Elsen, Jamie Ann Sabino, Julie Gallup, Russell Engler, Mary K. Ryan, Shaghayegh Tousi, & Alison Holdway, for Massachusetts Law Reform Institute, Inc., & others, amici curiae, submitted a brief.

SPINA, J.  The mother of the minor child, V.V., appeals from the denial, in the Probate and Family Court, of her motion for relief from judgment pursuant to Mass. R. Civ. P. 60 (b) (4), 365 Mass. 828 (1974).  In the motion she alleged that a judgment appointing a permanent guardian for V.V. was void for lack of due process because she was not appointed counsel or afforded alternative procedural safeguards in the guardianship proceeding.  We granted her application for direct appellate review.  We dismiss the appeal as moot but also hold that a parent of a minor child has a right to counsel where, as here, someone other than the parent seeks to have himself or herself appointed as the child's guardian pursuant to G. L. c. 190B, § 5-206.[1]

Background.  The details of the events leading up to the guardianship decree are set forth in Gianareles v. Zegarowski, 467 Mass. 1012 (2014).  The essential facts are as follows.  A judge in the Probate and Family Court appointed the mother's

_____

[1] We acknowledge the amicus briefs submitted by the Committee for Public Counsel Services; and, collectively, the Massachusetts Law Reform Institute, Inc., Boston Bar Association, Massachusetts Bar Association, Women's Bar Association of Massachusetts, Greater Boston Legal Services, Community Legal Aid, Justice Center of Southeast Massachusetts LLC (a subsidiary of South Counties Legal Services, Inc.), MetroWest Legal Services, Community Legal Services and Counseling Center, Mental Health Legal Advisors Committee, Children's Law Center of Massachusetts, Harvard Legal Aid Bureau, Center for Public Representation, and Safe Passage, Inc.

grandmother, and V.V.'s great-grandmother, as V.V.'s permanent guardian in December, 2012. Id. at 1013. The mother was not represented by counsel in the guardianship proceeding. Id. In May, 2013, then represented by counsel, the mother filed her rule 60 (b) (4) motion as well as a petition to remove the great-grandmother as V.V.'s guardian pursuant to G. L. c. 190B, § 5-212 (a). Id. The judge denied the rule 60 (b) (4) motion. While the mother's appeal from that denial has been pending, her petition for removal of the guardian proceeded in the regular course. On July 29, 2014, after a trial, a judge (who was not the judge who had appointed the guardian) vacated the guardianship. All parties, including both the mother and V.V., were represented by counsel at the trial on the removal petition. The great-grandmother did not appeal from the judgment vacating the guardianship.

Because the guardianship has been vacated and V.V. has been returned to the mother's custody, the issue whether the mother was entitled to counsel is moot.[2] The issue, however, is of significant public importance. It is also capable of repetition and, given the short time periods in which guardianship matters

---

[2] That the mother was represented by counsel at the trial on her petition to remove the guardian would not render the appointment of counsel issue moot. The fact remains that the mother was not represented by counsel at the outset of the guardianship proceedings, and our concern regarding whether a parent is entitled to counsel applies to all proceedings related to guardianship.

are often decided and the fluidity of the proceedings even after an appointment of a guardian (as demonstrated by this case), it is an issue that can easily evade appellate review in the ordinary course. We therefore exercise our discretion to address it. See, e.g., Care & Protection of Erin, 443 Mass. 567, 568 (2005), and cases cited.

Discussion. "The interest of parents in their relationship with their children has been deemed fundamental, and is constitutionally protected." Department of Pub. Welfare v. J.K.B., 379 Mass. 1, 3 (1979), and cases cited. Due process requirements must therefore be met before a parent is deprived of his or her parental rights. Id. Due process includes "the right to be heard 'at a meaningful time and in a meaningful manner.'" Id. at 4, quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965). An indigent parent whose parental rights may be terminated, for example, "cannot be said to have a meaningful right to be heard in a contested proceeding without the assistance of counsel." Department of Pub. Welfare v. J.K.B., supra at 4.

These interests are no less compelling for a parent whose child is the subject of a guardianship proceeding. The guardian, once appointed, assumes significant rights and responsibilities during the period of guardianship that otherwise would have resided with the parent. See G. L.

c. 190B, § 5-209.  "A guardian of a ward has the powers and responsibilities of a parent regarding the ward's support, care, education, health and welfare."  G. L. c. 190B, § 5-209 (a). The guardian's rights and responsibilities to ensure the child's welfare effectively displace those of the parent.  The guardian, and not the parent, becomes the primary caretaker and decision maker for the child.  Even if the guardianship lasts for only a brief period of time, the displacement impacts the parent's liberty interests.  Cf. Matter of Hilary, 450 Mass. 491, 496 (2008) (noting that even six-month placement of child outside home when child has been adjudicated child in need of services has impact on parent's liberty interest in parent-child relationship).  While it is true that the parent's underlying parental rights are not forever terminated as a result of the guardianship, they are severely circumscribed, becoming subsidiary to those of the guardian, for as long as the guardianship remains in effect.

Because of the impact of a guardianship on the parent-child relationship, and the particular nature of the fundamental rights at stake, an indigent parent whose child is the subject of a guardianship proceeding is entitled to, and must be furnished with, counsel in the same manner as an indigent parent whose parental rights are at stake in a termination proceeding or, similarly, in a care and protection proceeding.  To be sure,

the Legislature has already expressly provided for the appointment of counsel in a guardianship proceeding where the Department of Children and Families or a licensed child placement agency is a party. General Laws c. 119, § 29, thus provides:

> "Whenever the department or a licensed child placement agency is a party to child custody proceedings, the parent, guardian or custodian of the child . . . shall have and be informed of the right to counsel at all such hearings, including proceedings under [G. L. c. 190B, § 5-201, 5-204 or 5-206], and that the court shall appoint counsel if the parent, guardian or custodian is financially unable to retain counsel . . ." (emphasis added).

The same interests that warrant appointment of counsel when the State is involved in a guardianship proceeding are also at stake in a guardianship proceeding when the State is absent.

We encountered a similar situation recently in Adoption of Meaghan, 461 Mass. 1006 (2012). In that case the legal guardians of a child petitioned to adopt the child pursuant to G. L. c. 210, §§ 3 (a) and 6. Id. at 1006. We considered whether the child's father, who was indigent and whose rights would be terminated by the adoption, was entitled to counsel in a private adoption case as he would have been if the State were involved in the adoption. Id. at 1007. We concluded that he was, noting that "the same fundamental, constitutionally protected interests are at stake, and the cost of erroneously terminating the parent's rights remains too high to require an

indigent parent to risk it without counsel." Id.  The same general considerations govern here.  There is no reason why an indigent parent whose child is the subject of a guardianship proceeding should receive the benefit of counsel only if the State is involved.  To the contrary, there is every reason, given the fundamental rights that are at stake, why an indigent parent is entitled to the benefit of counsel when someone other than the parent, whether it be the State or a private entity or individual, seeks to displace the parent and assume the primary rights and responsibilities for the child, whether it be in a care and protection proceeding, a termination proceeding, an adoption case, or a guardianship proceeding.

Conclusion.  The mother's appeal must be dismissed as moot because the guardianship has been vacated and the child has been returned to the mother's custody.  We hold, however, that a parent whose minor child is the subject of a guardianship proceeding pursuant to G. L. c. 190B, § 5-206, and who cannot afford counsel, has a right to have counsel appointed and to be so informed.

So ordered.