NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-626

K.W.

vs.

LAZ PARKING LIMITED, LLC, & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Attorney Krzysztof G. Sobczak appeals from an order dismissing his notice of lien for attorney's fees. See G. L. c. 221, § 50. Sobczak argues that he represented the plaintiff in this matter, and that he had a viable right of recovery for attorney's fees. We affirm the order dismissing Sobczak's notice of lien.

In or around 2010, the plaintiff retained The Law Offices of David J. Hoey, P.C. (Hoey), to represent her in this matter, and she and Hoey entered into a written contingency fee agreement. Sobczak worked for Hoey, and in the course of his employment entered a notice of appearance on the plaintiff's

---

[1] JPA IV Management Company, Inc., as trustee of the John Philopoulos Associates Trust; JPA I Management Company, Inc.; and The Law Offices of David J. Hoey, P.C., intervener.

behalf.  Sobczak was not a party to the Hoey contingency fee agreement, and he did not have his own contingency fee agreement with the plaintiff.[2]  In January 2017, Sobczak separated from his employment with Hoey but remained on the case, with the plaintiff's consent, until withdrawing his notice of appearance in March 2017.

In June 2019, Sobczak filed his notice of lien.  The plaintiff moved to dismiss.  On November 14, 2019, a judge of the Superior Court allowed the plaintiff's motion to dismiss in part but took no action on the motion to the extent Sobczak asserted a lien for the short period of time in early 2017 after he stopped working for Hoey but remained on the case.  The judge directed Sobczak to provide support for his claim that he added value to the case during early 2017.  Sobczak did not provide any information showing that he added value to the case during that time, and his notice of lien was dismissed on February 28, 2020.

General Laws c. 221, § 50, provides that an "attorney who appears for a client in [a] proceeding shall have a lien for his reasonable fees and expenses."  However, "a mere appearance without a right to recover fees from the client directly does

---

[2] At a later point in time, The Keenan Law Firm, P.C. (Keenan), joined the case, and the plaintiff entered into a contingency fee agreement with Keenan.  Sobczak was not a party to that agreement either.

2

not support a lien against the proceeds of the client's recovery"; "an attorney must establish a substantive contractual or quantum meruit basis to recover fees from the client as a prerequisite to filing a lien." Boswell v. Zephyr Lines, Inc., 414 Mass. 241, 249 (1993). Moreover, if an associate works on a case while employed by someone else, the associate has no underlying right to recover fees against the client directly unless the client "authorized or ratified the employment of the associated lawyer," meaning that the circumstances of the case show "that the client expected that the associated lawyer would look to the client for payment." Id.

Sobczak argues that he had a right to a portion of the contingency fee because the plaintiff "authorized or ratified [his] employment . . . and the [contingency fee] agreement allow[ed] for payment of associated counsel."[3] In particular, Sobczak relies on (1) the fact that the plaintiff permitted him to remain on the case after he stopped working for Hoey and (2) language in the Hoey contingency fee agreement stating that "[r]easonable compensation on the foregoing contingency is to be paid by the [plaintiff] to [Hoey], but such compensation including that of any associated counsel shall be the following

_____

[3] Sobczak clarified at oral argument that he did not seek any additional money from the plaintiff directly, only a portion of the contingency fee.

percentage of the gross amount collected for the client[:] 33.3% of the gross amount recovered" (emphasis added).[4]

The fundamental problem with Sobczak's argument is that, even if the plaintiff authorized or ratified his employment, he was not a party to the Hoey contingency fee agreement and had no enforceable rights under it. See Boswell, 414 Mass. at 249-250. The language on which Sobczak relies, emphasized in the paragraph above, does not alter our analysis. That language specified that some of the contingency fee could be used to compensate associated counsel but did not give associated counsel any enforceable rights under the agreement.

Where Sobczak has clarified that he did not seek to recover any additional money from the plaintiff directly, we need not address whether he had a viable right of recovery on a quantum meruit basis for the short period of time in early 2017 after he stopped working for Hoey but remained on the case. At that time, Sobczak was working directly for the plaintiff, not Hoey, and any recovery in quantum meruit therefore would have been

---

[4] The Keenan contingency fee agreement included substantially the same language. While Sobczak attached the Hoey and Keenan contingency fee agreements to his reply brief, neither was submitted to the motion judge and neither is properly before this court. See Mass. R. A. P. 8 (a), as appearing in 481 Mass. 1611 (2019) ("The record on appeal shall consist of the documents and exhibits on file, the transcript of the proceedings, if any, and the docket entries"). Regardless, the quoted language does not alter our analysis for the reasons we explain.

4

against the plaintiff, which Sobczak does not seek. Regardless, Sobczak has not provided any support for the claim that he added value to the case during that time.

Hoey, which appears in this appeal as an intervener, has filed a motion for sanctions on the basis that Sobczak failed to disclose that he reached a settlement with the plaintiff over attorney's fees. See Mass. R. A. P. 29 (c), as appearing in 481 Mass. 1660 (2019) ("In the event a case is settled or otherwise disposed of while an appeal is pending, it shall be the duty of the appellant to notify the clerk of the appellate court forthwith"). Under the settlement agreement, Sobczak acknowledged that the plaintiff fully satisfied her contractual obligations to pay attorney's fees on the case, and he represented that he would not seek any additional fees from her. Hoey argues that the settlement rendered this appeal wholly frivolous and that Sobczak's failure to disclose it constituted the obstruction of justice. However, the settlement is entirely consistent with Sobczak's position in this appeal that he did not seek to recover any additional money from the plaintiff directly and that he instead sought to recover a portion of the contingency fee already paid to Hoey. In these circumstances,

we do not view the settlement as dispositive of this appeal, and we decline to award sanctions.[5]

Order dismissing lien
  affirmed.

By the Court (Wolohojian,
  Ditkoff & Walsh, JJ.[6]),

*Joseph F. Stanton*

Clerk

Entered:  March 31, 2023.

---

[5] Hoey also made a request for attorney's fees in its appellate brief on the basis that Sobczak's appeal was frivolous or initiated in bad faith.  That request is denied.  "Although the . . . appeal is unsuccessful, it is not frivolous."  Filbey v. Carr, 98 Mass. App. Ct. 455, 462 n.10 (2020), quoting Gianareles v. Zegarowski, 467 Mass. 1012, 1015 n.4 (2014).  Moreover, we do not view the appeal as having been initiated in bad faith.  We likewise deny Sobczak's request, made in his reply brief, for an award of his appellate attorney's fees and costs.

[6] The panelists are listed in order of seniority.