APPEALS COURT 
 
 MICHAEL J. RYAN vs. RACHAEL B. LOVENDALE

 
 Docket:
 23-P-1365
 
 
 Dates:
 December 11, 2024 – May 28, 2025
 
 
 Present:
 Ditkoff, Grant, & Toone, JJ.
 
 
 County:
 Plymouth
 

 
 Keywords:
 Parent and Child, Custody. Minor, Custody. Probate Court, Custody of child, Judgment. Indigent. Practice, Civil, Assistance of counsel, Relief from judgment. Judgment, Relief from judgment. Rules of Domestic Relations Procedure.
 
 

       Civil actions filed in the Plymouth
Division of the Probate and Family Court Department on January 15, 2016 and
July 3, 2018.
      A complaint for modification, filed on July
26, 2021, was heard by Lisa A. Roberts, J., and a motion for relief from
judgment, filed on April 27, 2023, was heard by Megan E. English Braga, J.
      Masha Zilberman, of New York, for the
mother.
      Ann Shepard, pro se.
      Michael J Ryan, pro se.
      Andrew L. Cohen, Committee for Public
Counsel Services, for Committee for Public Counsel Services, amicus curiae,
submitted a brief.
      DITKOFF, J.  In this G. L. c. 209C parentage
case, the record reflects that the parties agreed that the paternal grandmother
would have temporary physical custody of the three children until a trial could
be held to determine which parent should have permanent custody.  None of the parties, all of whom appear to be
indigent, were represented by counsel. 
When the mother failed to appear at the next court date, a Probate and
Family Court judge issued a decree (apparently with the consent of the father)
granting the grandmother permanent physical custody.  Over a year later, the mother filed a motion
for relief from judgment, primarily arguing that she had a right to appointed
counsel.  The judge denied the motion on
the ground that it was untimely.
      We construe G. L. c. 209A,
§ 7, as requiring the appointment of counsel upon request for indigent
parents in the rare parentage case where custody to a nonparent without the
consent of both parents is contemplated. 
Nonetheless, we affirm the denial of the motion for relief from
judgment, as the mother has failed to demonstrate that the judgment was void or
that the judge abused her discretion in finding that her motion was
untimely.  If the case goes forward, the
parents presumably will be entitled to appointed counsel to litigate a request
for removal of custody from the grandmother if they meet the indigency standards
for appointed counsel.[1]
      1. 
Background.  The parties in this
case have never married.  In January
2016, the father filed a complaint and emergency motion for custody of his two
sons, one of whom was one year old and the other of whom was two years
old.  The father alleged that the mother
had issues with drug use and that he had been instructed by two Department of
Children and Families (DCF) employees to file for custody.  The parties, both pro se, appeared for a
hearing and agreed that the father would have sole physical custody of the
children.
      Later that year, the mother obtained
employment.  In January 2017, the
parties, both pro se, appeared for a hearing and agreed that they would share
legal custody, the father would have sole physical custody, the mother would
have parenting time on Saturdays, and the mother would pay child support.  The judge adopted this agreement as a
judgment of the court.  The mother later
explained that she agreed to this because she did not have proper housing for
two children.
      In October 2017, the parties had a third
child together.  In July 2018, the father
filed a complaint seeking emergency custody of the third child.  The father alleged that, on a particular
Saturday in June, the mother, while under the influence of drugs, struck a
telephone pole with a motor vehicle in which all three children were
passengers.  The parties, both pro se,
appeared for a hearing and agreed to share legal custody of the third child,
with the mother having primary physical custody.  Again, the judge adopted this agreement as a
judgment of the court.
      In November 2018, the mother filed a
complaint for modification seeking physical custody of the two older
children.  She alleged that the father
had been incarcerated and that the older children were living with their
paternal grandmother.  An emergency
hearing was held, and the judge apparently deferred action until the matter
could be tried.
      In January 2020, the father filed a
complaint for modification seeking physical custody of the third child.  The father alleged that the mother had
already been leaving the child with him for the majority of the time.  He alleged that the mother had left the child
with him for the weekend and then appeared "at 10pm messed up on
drugs."  He refused to turn the
child over to her.  The parties, both pro
se, appeared for a hearing and agreed that the father would have temporary
physical custody of the third child while the mother sought treatment.
      In July 2021, the father was incarcerated
and had several open criminal cases.  The
mother filed a complaint for modification seeking physical custody of the
children.  By August, the father had been
released from custody and he answered the complaint by asserting that the
mother continued to use drugs and that "she prostitutes herself." 
      The parties, both pro se, appeared for a
scheduled pretrial conference on November 5, 2021.  The mother was not prepared for the
conference and requested a continuance to seek counsel.  The judge's written order reflects that the
parties agreed that, in the meantime, the paternal grandmother would have
physical custody of the three children during the week and that the mother
would have the children during the weekends and on Wednesday afternoons.  The judge noted that "DCF expressed no
concerns about the children remaining in the physical custody of Paternal
Grandmother," adopted the parties' agreement, and rescheduled the pretrial
conference for March 14, 2022.
      On March 14, 2022, the father and the
grandmother appeared (both pro se), but the mother did not.  The judge, apparently with the agreement of
the father, issued a judgment awarding physical custody of the three children
to the paternal grandmother and granting the mother parenting time on
Saturdays.
      In November 2022, the grandmother filed a
complaint for modification, seeking child support and a reduction in the
mother's parenting time.  She alleged
that the mother was making negative comments about the father and that the
children had run away from the mother.
      In January 2023, the mother -- now
represented by counsel -- filed an answer denying the grandmother's
allegations.  Then, on April 27, 2023,
the mother filed a motion pursuant to Mass. R. Dom. Rel. P. 60 (b) for
relief from the March 2022 judgment.  The
mother asserted that she had missed the March 2022 court date because of
"a medical emergency as I had a seizure that morning."  She further argued that she was deprived of
due process because she was not provided with an attorney.
      At the hearing before a different judge
(motion judge), the mother acknowledged that the grandmother should have
temporary custody of the children, but asserted that permanent custody could
not be awarded to the grandmother until the mother's fitness was determined in
a proceeding at which she had counsel. 
The mother asserted that she had a doctor's note that would support her
claim of a seizure.  The motion judge
asked for it to be provided, but it appears that no such note was provided to
the motion judge.
      The motion judge denied the motion for
relief from judgment.  The judge noted
that the "right to counsel has not been extended to fitness determinations
pursuant to G. L. c. 209C, § 10(d)."  She then held that, "[e]ven if Mother
was entitled to counsel, the Court finds that Mother did not bring her Motion
for Relief from Judgment within a reasonable amount of time."  The judge explained that the mother had
provided no reason why she had not informed the court of her medical emergency
promptly upon her recovery, but rather waited more than a year to take
action.  This appeal followed.
      2. 
Standard of review.  Under Mass.
R. Dom. Rel. P. 60 (b) (4) and (6), a judge may grant relief from
judgment when "the judgment is void" or there exists "any other
reason justifying relief from the operation of the judgment."  Such a motion must "be made within a
reasonable time."  Mass. R. Dom.
Rel. P. 60 (b).  "A motion for
relief under rule 60(b) is directed to the sound discretion of the motion
judge, and we review the judge's ruling for abuse of discretion."  Dilanian v. Dilanian, 94 Mass. App. Ct. 505,
515 (2018), quoting Ulin v. Polansky, 83 Mass. App. Ct. 303, 308 (2013).  A "determination of what constitutes a
reasonable time is similarly 'addressed solely to the judge's discretion.'"  Owens v. Mukendi, 448 Mass. 66, 72 (2006),
quoting Parrell v. Keenan, 389 Mass. 809, 815 (1983).  Accord Santagate v. Tower, 64 Mass. App. Ct.
324, 327 (2005).  This determination
requires an examination of "the individual circumstances of each case,"
and involves a consideration of the children's interests, as well as the
interests of the parties.  Paternity of
Cheryl, 434 Mass. 23, 30, 33-34 (2001).
      3. 
Right to appointed counsel.  At
the start, it is worthwhile to distinguish the instant case, where there is an
order of custody to a nonparent, from the more common parentage case, where
custody is awarded to one or both parents. 
Once parentage is established, "the court may award custody of a
nonmarital child to either parent or to them jointly . . . in the
best interests of the child." 
G. L. c. 209C, § 10 (a).[2]  See Smith v. McDonald, 458 Mass. 540, 545
(2010).  The court is directed, where
possible, to "preserve the relationship between the child and the primary
caretaker parent," to "consider where and with whom the child has
resided within the six months immediately preceding proceedings," and to
consider "whether one or both of the parents has established a personal
and parental relationship with the child." 
G. L. c. 209C, § 10 (a).  These considerations "neither replace
the 'best interests of child' standard nor limit the factors that a judge may
consider in determining what custodial arrangements are in the best interests
of the child."  Custody of Kali, 439
Mass. 834, 843-844 (2003).
      Determining custody arrangements between
two separated parents, although always challenging, is a core function and
strength of the Probate and Family Court, and a judge in this context "is
afforded considerable freedom to identify pertinent factors in assessing the
welfare of the child and weigh them as she sees fit."  Smith, 458 Mass. at 547.  "The determination of which parent will
promote a child's best interests rests within the discretion of the judge
. . . [whose] findings in a custody case 'must stand unless they are
plainly wrong.'"  J.S. v. C.C., 454
Mass. 652, 656 (2009), quoting Custody of Kali, 439 Mass. at 845.  The mother makes no claim that parents have a
right to appointed counsel when the question is which parent should have
custody.  This is not the practice in
divorce proceedings.  Cf. Balboni v.
Balboni, 39 Mass. App. Ct. 210, 211 (1995) (counsel to be appointed in divorce
action if custody to government is imminent).
      On rare occasion, the parents agree that
neither should have custody of the child. 
The statute provides that, "[i]f a person who is not a parent of
the child requests custody, the court may order custody to that person if it is
in the best interests of the child and if the written consent of both parents
or the surviving parent is filed with the court."  G. L. c. 209C,
§ 10 (d).  See R.D. v. A.H.,
454 Mass. 706, 714-715 (2009); C.M. v. P.R., 420 Mass. 220, 223 n.6 (1995).  Again, the mother makes no claim that the
parents have a right to appointed counsel when they voluntarily consent to a
change in custody.  This is not the
practice in voluntary adoption proceedings.
      On even rarer occasion, there is a
question whether both parents should be involuntarily denied custody of a
child.  The Committee for Public Counsel
Services informs us that there are "only a handful of such proceedings
each year."  In that circumstance,
the statute allows an award of custody to a nonparent "if it is in the
best interests of the child and if both parents or the surviving parent are
unfit to have custody or if one is unfit and the other files his written
consent in court."  G. L.
c. 209C, § 10 (d).  See
R.D., 454 Mass. at 714-715.
      The mother argues that, in this final rare
circumstance, she is constitutionally entitled to the appointment of counsel.[3]  Her position enjoys substantial support in
the case law.  The Supreme Judicial Court
(like every court to consider this question) long ago determined that "an
indigent parent has a constitutional right to court-appointed counsel in a
contested proceeding to terminate parental rights."  Department of Pub. Welfare v. J.K.B., 379
Mass. 1, 6 (1979).  This right has been
extended to the context where a private party, rather than the government,
seeks custody of a child.  "Because
of the impact of a guardianship on the parent-child relationship, and the
particular nature of the fundamental rights at stake, an indigent parent whose
child is the subject of a guardianship proceeding is entitled to, and must be
furnished with, counsel in the same manner as an indigent parent whose parental
rights are at stake in a termination proceeding or, similarly, in a care and
protection proceeding." 
Guardianship of V.V., 470 Mass. 590, 592-593 (2015).
      A parentage case where a judge is
considering a request to order custody to a nonparent is substantially similar
to a guardianship case.  A guardianship
case may occur whether or not the child's parents were or are married to each
other, but such a difference is insignificant, as the Legislature has strictly
declared that "[c]hildren born to parents who are not married to each
other shall be entitled to the same rights and protections of the law as all
other children."  G. L.
c. 209C, § 1.  Accord A.D. v.
K.S., 495 Mass. 727, 733-734 (2025).
      We need not decide the constitutional
issue, however, because G. L. c. 209C, § 7, already states,
"In actions in which custody or visitation are contested, court may
appoint counsel to represent either party whenever the interests of justice
require."  "When statutory
language is susceptible of multiple interpretations, a court should avoid a
construction that raises constitutional doubts and instead should adopt a
construction that avoids potential constitutional infirmity."  Oracle, USA, Inc. v. Commissioner of Revenue,
487 Mass. 518, 525 (2021).  Accord
Chiulli v. Liberty Mut. Ins., Inc., 97 Mass. App Ct. 248, 257 n.16 (2020).  Here, a natural construction of the phrase
"whenever the interests of justice require" is that it includes any
parentage case where the court is considering a contested request to award
custody to a nonparent.  Accordingly, we
construe G. L. c. 209C, § 7, to require the appointment of
counsel for indigent parents when the court is considering awarding custody to
a nonparent under G. L. c. 209C, § 10 (d), without parental
consent, except in the most exceptional circumstances.[4]  And, because the right to counsel normally
involves being informed of that right, these parents must be informed that they
are entitled to the appointment of counsel if they are indigent and the court
is considering awarding custody to a nonparent without their consent.  See, e.g., L.B. v. Chief Justice of the
Probate & Family Court Dep't, 474 Mass. 231, 243 (2016); Guardianship of
V.V., 470 Mass. at 594.
      4. 
Motion for relief from judgment. 
a.  Void judgment.  Informed by this understanding of G. L.
c. 209C, § 7, we now turn to the question whether the motion judge
abused her discretion in denying the mother's motion for relief from
judgment.  Because "[t]here is no
time limit with respect to rule 60(b)(4) motions based on void judgments,"
Uzoma v. Okereke, 88 Mass. App. Ct. 330, 331 (2015), we first consider whether
the mother has demonstrated that the judgment of custody is void.
      "A judgment is void if the court from
which it issues . . . failed to provide due process of
law."  I.S.H. v. M.D.B., 83 Mass.
App. Ct. 553, 557 (2013), quoting Harris v. Sannella, 400 Mass. 392, 395
(1987).  Accord M.M. v. D.A., 79 Mass.
App. Ct. 197, 208 (2011).  Usually, due
process is provided where a party has "actual, and thus adequate, notice
. . . and a meaningful opportunity to be heard in answer."  Jones v. Boykan, 464 Mass. 285, 290
(2013).  Accord New Bedford Hous. Auth.
v. Olan, 435 Mass. 364, 372 (2001).
      Under the proper circumstances, denial of
appointed counsel may deprive a party of a meaningful opportunity to be heard
and thus of due process.  For example, in
Adoption of Rory, 80 Mass. App. Ct. 454, 459 (2011), the appearance of the
father's appointed counsel was improperly struck and, because he was not in
attendance himself, two termination trials proceeded without anyone advocating
for the father's interests.  In that
circumstance, where the judge literally prevented the father from being heard
at all, we easily concluded that the judgment was void.  Id. at 459.
      A few years later, in Gianareles v.
Zegarowski, 467 Mass. 1012, 1012-1013 (2014), the Supreme Judicial Court
considered a motion for relief from a judgment where a seventeen year old
mother, without counsel, opposed her grandmother's petition for guardianship of
her infant child.  A month before trial
(and shortly after she turned eighteen), she agreed to the guardianship,
allegedly because the guardian's attorney told her that otherwise her parental
rights would be terminated.  Id. at
1013.  A few months later, she moved both
to remove the guardian and to void the guardianship judgment.  Id. 
The Supreme Judicial Court denied her extraordinary relief under
G. L. c. 211, § 3, because she had an adequate appellate remedy
in an appeal of the denial of the motion for relief from judgment.  Gianareles, supra at 1013-1014.  The court then stated in dicta, "We can
conceive of no good reason why the petitioner in this case, in her appeal from
the denial of her rule 60 (b) (4) motion, if she is successful on the
merits of her claim that she had, and was deprived of, a constitutional right
to counsel in the underlying guardianship proceeding, would not be entitled to
precisely the same relief [vacatur of the judgment] here."  Gianareles, supra at 1014.  The contours of that prediction were not
explored.
      Fortunately for justice, but unfortunately
for our current purposes, the mother succeeded in her motion to remove the
guardian.  Guardianship of V.V., 470
Mass. at 591.  Accordingly, the Supreme Judicial
Court (which had taken direct appellate review of her appeal) dismissed the
appeal as moot and did not reach the question whether the judgment was void or
merely in error.  Id.
      We need not resolve this conundrum,
because the mother has failed to demonstrate that she was deprived of appointed
counsel here.  So far as the record
reflects, on November 5, 2021, the judge was adjudicating which parent would
have custody of the children, and the parties all agreed to temporary custody
by the grandmother in the interim.  This
was not a situation that would require the appointment of counsel, as it was
not a contested temporary custody order and there is no indication that
permanent custody by the grandmother was being considered.  Then, on March 14, 2022, the mother failed to
appear without warning or explanation and thus could not have been appointed
counsel.  See Adoption of Holly, 432
Mass. 680, 689 (2000); Adoption of Valentina, 97 Mass. App. Ct. 130, 135
(2020).
      We acknowledge that the mother asserts
that she did not actually agree to the paternal grandmother's having temporary
custody.  We are hampered in this regard
by the fact that we have not been provided with transcripts of either hearing.  It is the appellant's burden to provide those
parts of the transcripts that are necessary for reviewing the appellant's
claims.  See Zaleskas v. Brigham &
Women's Hosp., 97 Mass. App. Ct. 55, 73 (2020); Butts v. Freedman, 96 Mass.
App. Ct. 827, 832 n.8 (2020).  We are not
blind to the very real possibility that there is more to this story, but the
mother has not shown that the judgment was void on this appellate record.
      b. 
Other reasons for relief from judgment. 
We understand the mother's motion for relief from judgment as also
invoking Mass. R. Dom. Rel. P. 60 (b) (6), which allows relief for
"any other reason justifying relief from the operation of the
judgment."  Such a motion, as
stated, must "be made within a reasonable time."  Mass. R. Dom. Rel. P. 60 (b).  Here, the judgment was entered on March 15, 2022,
and docketed on April 14, 2022.  The
mother's motion for relief from judgment was not filed for over a year, on
April 27, 2023.
      The mother stated in an affidavit that she
missed the March 2022 hearing because she "had a seizure that
morning," a strong ground for relief from judgment.  See Berube v. McKesson Wine & Spirits
Co., 7 Mass. App. Ct. 426, 432 (1979). 
Putting aside the fact that the mother apparently failed to provide any
doctor's note to corroborate this claim despite the judge's request for one,
this was the sort of issue that one would expect to have been brought to the
judge's attention promptly after the medical emergency subsided.  See Fort Point Invs., LLC v. Kirunge-Smith,
103 Mass. App. Ct. 758, 763 (2024) (motion based on medical issues not timely
where not filed until nearly ten months after default judgment).  This is particularly so in the context of
determining custody for three children, where the interests of the children
require particular attention to prompt action. 
See Paternity of Cheryl, 434 Mass. at 33-34.  As no compelling explanation was provided for
the delay in requesting relief, we discern no abuse of discretion in the motion
judge's decision that the mother's motion for relief from judgment was
untimely.
      5. 
Moving forward.  Although we leave
the judgment of physical custody for the paternal grandmother in place for now,
we note that even a parent who has been found unfit may obtain a trial on a
petition to regain physical custody by "producing some credible evidence
of changed circumstances since the initial [custody] determination."  See Guardianship of Kelvin, 94 Mass. App. Ct.
448, 456 (2018).  Accord G. L.
c. 209C, § 20.  Once that
burden of production is satisfied, "the [custodian] then [bears] the
ultimate burden of proving, by clear and convincing evidence, that the mother
remain[s] unfit and that continuation of the [order] serve[s] [the children's]
best interest."  See Guardianship of
Kelvin, supra.
      If the mother files such a petition to
remove the children from the grandmother's physical custody, she will be
entitled to appointed counsel if she remains indigent, and must be informed of
that entitlement.  Cf. Guardianship of
V.V., 470 Mass. at 592 (right applies whenever "child is the subject of a
guardianship proceeding").  The
father too would presumably be entitled to appointed counsel in litigating such
a petition, if he is indigent.[5]  The
order dated July 31, 2023, denying the motion for relief from judgment, is
affirmed.
So ordered.

footnotes

[1] We gratefully
acknowledge the amicus brief submitted by Committee for Public Counsel
Services.

[2] The parentage
chapter was extensively amended in August 2024, mainly to remove archaic
language that assumed children uniformly have one parent identifying as a male
and one parent identifying as a female. 
See A.D. v. K.S., 495 Mass. 727, 731 n.9 (2025), citing St. 2024,
c. 166 (effective Jan. 1, 2025). 
Nothing in this opinion is affected by these amendments.  For the sake of simplicity, we quote from the
current version.

[3] Obviously,
the right to appointed counsel extends only to the indigent, but it is evident
that the mother is indigent.  See
Commonwealth v. Fico, 462 Mass. 737, 740 (2012).

[4] For example,
the doctrine of forfeiture of counsel may apply in certain circumstances, such
as when a person commits acts of violence against appointed counsel.  See Commonwealth v. Means, 454 Mass. 81,
94-95 (2009).  Similarly, the doctrine of
abandonment of counsel may apply when, after being warned, a person
"engages in dilatory or abusive conduct towards his attorney."  Commonwealth v. Clemens, 77 Mass. App. Ct.
232, 241 (2010), quoting Means, supra at 90-91. 
Finally, a parent may lose the assistance of counsel if the parent
"repeatedly fails to communicate with . . . counsel."  Adoption of Valentina, 97 Mass. App. Ct. 130,
135 (2020).

[5] We note that
the Committee for Public Counsel Services makes a strong argument that
G. L. c. 190B, § 5-106 (a), would require the appointment
of counsel for children as well in this circumstance.  See Matter of Angela, 445 Mass. 55, 61-62
(2005) (child has due process right in proceeding that impacts parent-child
relationship).  Although that question is
not before us, we recommend careful consideration of that question to any judge
considering placing a child with a nonparent without the consent of the parents
in a parentage case.