FRANK A. GRECO *vs.* PROBATE AND FAMILY COURT
DEPARTMENT OF THE TRIAL COURT.

Suffolk. October 4, 1995. - February 7, 1996.

Present: LIACOS, C.J., WILKINS, LYNCH, GREANEY, & FRIED, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Civil,*
    Assistance of counsel.

A single justice correctly refused to grant relief pursuant to G. L. c. 211,
    § 3, where there was no final order, judgment or decree in the underly-
    ing matter pending in the Probate Court. [9]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on August 29, 1994.

The case was heard by *O'Connor,* J.

*Frank A. Greco,* pro se.

*Rebecca McIntyre,* Assistant Attorney General, for the de-
fendant.

LYNCH, J. The plaintiff appeals from the denial by a single
justice of his petition for relief pursuant to G. L. c. 211, § 3
(1994 ed.). In his petition he sought to obtain: (1) appointed
counsel or, in the alternative, to remove his former wife's
court-appointed counsel; (2) reimbursement of expenses
incurred since November 22, 1991, in pro se divorce litiga-
tion; and (3) an impartial "trier of fact."[1] We conclude for
the reasons stated below that the single justice correctly
refused to grant the relief sought.

The procedural history of the plaintiff's divorce is complex,
as he has filed multiple motions and actions based on it. From

---

[1] In his reply brief, the plaintiff also requests that we consolidate other al-
legedly pending appeals with the present action. Plymouth Savings Bank *vs.*
Frank Greco & others (Boston Municipal Court No. 168697) (no appeal
exists on the court dockets and any appeal now filed would be untimely).
*Greco* v. *Atwood & Cherny,* 38 Mass. App. Ct. 1126, further appellate
review denied, 421 Mass. 1102 (1995). These actions are not pending; they
have been disposed of fully.

the record we discern the following: Frank and Rita Greco were divorced by a judgment of divorce nisi dated January 16, 1991, which granted joint physical and legal custody of their only child. The plaintiff filed a timely notice of appeal.[2] In September of 1991, the parties filed a "joint" motion to amend the judgment of divorce nisi. In November, 1991, they appeared before a probate judge, who found that Rita Greco had signed the motion under duress because the plaintiff had appealed from the divorce judgment. Nonetheless, the judge ruled that the parties could act in accordance with the agreement and on a temporary basis appointed counsel for Rita Greco.[3]

In February, 1992, appointed counsel entered his appearance and moved to rescind the agreement of September, 1991, and to affirm the judgment of divorce nisi. Before the hearing on this motion, the plaintiff requested that he also receive court-appointed counsel. This request was denied and the motion to affirm the January, 1991, judgment of divorce was allowed on February 26, 1992.[4] The probate judge specifically reaffirmed her order appointing counsel for Rita Greco.

In July, 1994, the plaintiff filed a complaint for modification, and subsequently filed a motion objecting to the appointment of Rita Greco's counsel. This motion was denied on August 3, 1994. Pursuant to G. L. c. 231, § 118, first par.

---

[2]It is impossible to determine the current status of the original appeal from the record before us. It appears never to have been entered in the Appeals Court.

[3]The judge's order dated November 22, 1991, provides in pertinent part:

"The so-called 'joint' motion of the parties, each *pro se*, seeking to amend my Judgment of Divorce Nisi dated January 16, 1991, came on for hearing before me today. Because I find that Ms. Greco has in fact serious reservations about the proposed amendments, and signed it under duress on account of Mr. Greco's pending appeal, I decline to amend my Judgment and the 'joint' request to do so is DENIED. However, at this time I order on a temporary basis that the parties may act in accordance with their 'Agreement' dated September 1-2, 1991 (excepting the 'Preamble' thereto which shall be null and void) instead of in accordance with the Judgment Nisi. Further, I herewith appoint counsel for Ms. Greco . . . ."

The order seems to imply that the appointment was at public expense. The record is silent on the issue.

[4]The record is deficient as to the details of these motions. The plaintiff has provided only the first page of the February, 1992, motion.

(1994 ed.), the plaintiff sought interlocutory relief before a single justice of the Appeals Court, which was denied. The plaintiff then filed a petition in the county court under G. L. c. 211, § 3, seeking essentially the same relief.[5]

The briefs on appeal are not helpful in guiding us through the procedural morass created by these multiple actions. The plaintiff objects to appointed counsel continuing to represent Rita Greco in the pending complaint to modify the divorce judgment. There is no final judgment on either the complaint for modification or the plaintiff's motion regarding appointment of counsel.[6]

With certain exceptions appellate review is not appropriate until there has been a final order, judgment, or decree. *Pollack* v. *Kelly*, 372 Mass. 469, 471-472 (1977), and cases cited. As we have previously noted, these matters are still pending in the Probate Court.

Although the issue is not before us, we think it important to state that we are troubled by the allegation that the probate judge assigned counsel to a party in this proceeding. We are unaware of any basis for appointment of counsel in a civil matter in the absence of an authorizing statute or where there is a need to protect a constitutional right.

The order of the single justice is affirmed.

*So ordered.*

---

[5]The plaintiff's claim that there are no impartial judges in the Probate Court is not substantiated by an official record. The plaintiff's allegations in his brief are neither sufficient nor substantiated as factual.

[6]Supreme Judicial Court Rule 2:21, 421 Mass. 1303 (1995), does not apply in this instance. The denial of the plaintiff's interlocutory appeal occurred prior to the effective date (Nov. 15, 1995) of this new rule.