NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12195

GUARDIANSHIP OF K.N.


     Suffolk.     December 6, 2016. - April 13, 2017.

   Present (Sitting at Lawrence):  Gants, C.J., Botsford, Lenk,
              Hines, Gaziano, Lowy, & Budd, JJ.[1]


Probate Court, Guardian, General equity power.  Constitutional
     Law, Assistance of counsel.  Due Process of Law, Assistance
     of counsel.  Practice, Civil, Guardianship proceeding,
     Assistance of counsel.




     Petition for appointment of a guardian for a minor child
filed in the Suffolk Division of the Probate and Family Court
Department on November 4, 2005.

     A motion by the child for appointment of counsel for the
guardian was heard by Brian J. Dunn, J.

     A proceeding for interlocutory review was allowed in the
Appeals Court by Judd J. Carhart, J., and the appeal was
reported by him to the Appeals Court.  The Supreme Judicial
Court granted an application for direct appellate review.


     Claudia Leis Bolgen for the child.
     Deborah W. Kirchwey for the mother.
     Stephen H. Merlin, for the guardian, was present but did
not argue.

─────────────────────

     [1] Justice Botsford participated in the deliberation on this
case prior to her retirement.

Maura Healey, Attorney General, & Abigail B. Taylor, Assistant Attorney General, for the Attorney General, amicus curiae, submitted a brief.

LOWY, J.  In L.B. v. Chief Justice of the Probate and Family Court Dep't, 474 Mass. 231, 232 (2016), this court held that a parent whose minor child is the subject of a guardianship petition pursuant to G. L. c. 190B, § 5-206, has a right to counsel in certain situations.  The issue in this case is whether an indigent guardian who is the subject of a removal petition under G. L. c. 190B, § 5-212, is entitled to appointed counsel in the proceedings.  We conclude that guardians who have established a de facto parent relationship with their wards do not have a liberty interest in that relationship such that they have a procedural due process right to counsel.  We hold, however, that the equitable powers of the Probate and Family Court allow a judge of that court to grant a motion requesting counsel for a guardian in a removal proceeding where the judge, in his or her sound discretion, concludes that doing so would materially assist in determining the best interests of the child.[2]

Background.  K.N., a minor child, was born in 2005 when her mother was fifteen years of age.  Within a matter of weeks, the child's maternal grandmother was appointed as the child's

---

[2] We acknowledge the amicus brief of the Attorney General.

permanent guardian, and has remained so ever since. The guardianship arrangement has not proven satisfactory to the mother. The removal proceeding that is now at the center of this dispute is the fourth such proceeding that the mother has initiated (in addition to the myriad other complaints and motions that both the mother and the guardian have filed regarding the custody of the child).

In connection with the current removal petition, the mother and the guardian were each appointed counsel in the fall of 2015. Several months later, the mother filed an emergency motion to remove the child from the guardian's care. The judge allowed this motion, and the child was temporarily returned to her mother. The next day, the guardian filed a motion for the appointment of counsel, which was denied. One week after the mother's emergency motion was filed, the judge issued an order returning the child to her guardian.

With the current removal petition still pending, the guardian retained counsel, who filed a limited appearance and a motion to reconsider the guardian's request for counsel. The judge denied the motion and stayed the proceedings while her counsel appealed. The Appeals Court, however, ordered that her counsel move to dismiss the appeal due to procedural error. At this point, her counsel withdrew from the case.

In the summer of 2016, the child, through counsel, filed a motion in the Probate and Family Court to appoint counsel for her guardian. This motion was denied. Counsel petitioned the Appeals Court for relief, pursuant to G. L. c. 231, § 118, first par. A single justice of that court allowed the appeal, reported the issue, stayed the proceedings below, and ordered that the child be treated as the appellant. We granted the child's application for direct appellate review.[3]

Discussion.[4] 1. Alleged liberty interest. The child asserts that guardians who are de facto parents have a procedural due process right to appointed counsel in contested guardian removal proceedings. The mother counters that only legal parents have a protected liberty interest in the context of raising children, and even guardians who qualify as de facto

---

[3] At our request, the guardian's previous counsel filed a letter in which he agreed to represent her pro bono before this court, and adopted and joined the child's brief. Counsel noted in his letter that much of the legal representation he had provided the guardian concerning the denial of her motion for appointment of counsel also was done pro bono because the small retainer she had given him (her "living expense money") was exhausted early in the representation and it was obvious to him that she could not afford to pay more.

[4] The mother argues that the child has no standing to bring this appeal because she is asserting a right of the guardian. The issue of representation raised by the child, however, is one that will arise in other cases, and is of public importance. We therefore choose to decide it. See Wellesley College v. Attorney Gen., 313 Mass. 722, 731 (1943).

parents do not have a procedural due process right to appointed counsel in removal proceedings.

"The interest of parents in their relationship with their children has been deemed fundamental, and is constitutionally protected." Department of Pub. Welfare v. J.K.B., 379 Mass. 1, 3 (1979), and cases cited. "Due process requirements must therefore be met before a parent is deprived of his or her parental rights." Guardianship of V.V., 470 Mass. 590, 592 (2015), citing J.K.B., supra.

"Guardianships, by contrast, are solely creatures of statute." Care & Protection of Jamison, 467 Mass. 269, 283 (2014). See G. L. c. 190B, § 1-302. They do not give rise to a protected liberty interest in the guardian's relationship with his or her ward. Jamison, supra. ("A guardianship is neither the equivalent of nor coextensive with parenthood"). Therefore, if the guardian here has a protected liberty interest in her relationship with the child, such that she has a right to appointed counsel in a removal proceeding, it must be found in her alleged de facto parent relationship with the child.[5]

This court has recognized the concept of de facto parenthood. In E.N.O. v. L.M.M., 429 Mass. 824, cert. denied, 528 U.S. 1005 (1999), we defined a de facto parent as "one who

_____

[5] The guardian has not yet been adjudicated a de facto parent.

has no biological relation to the child, but has participated in the child's life as a member of the child's family.  The de facto parent resides with the child and, with the consent and encouragement of the legal parent, performs a share of caretaking functions at least as great as the legal parent." Id. at 829, citing Youmans v. Ramos, 429 Mass. 774, 776 & n.3 (1999), and ALI Principles of the Law of Family Dissolution § 2.03(1)(b) (Tent. Draft No. 3 Part 1 1998) (adopted at annual meeting May, 1998).

The recognition of de facto parenthood "proceeds from the premise 'that disruption of a child's preexisting relationship with a nonbiological parent can be potentially harmful to the child.'"  A.H. v. M.P., 447 Mass. 828, 838 (2006), quoting Blixt v. Blixt, 437 Mass. 649, 658-659 (2002), cert. denied, 537 U.S. 1189 (2003).  As such, we have held that de facto parents may be granted visitation rights over the objection of legal parents. See E.N.O., 429 Mass. at 832-833; Youmans, 429 Mass. at 785. The visitation rights that de facto parents receive derive from the Probate and Family Court's equitable powers under G. L. c. 215, § 6, to protect the welfare of children.  See A.H., supra at 837-838.  These visitation rights, however, are not based on any liberty interest that de facto parents have in their relationship with the children in question.  E.N.O., supra at 833; Youmans, supra at 787 ("It is not the [de facto

parent's] interests that the visitation order protects, but [the child's] interests").  Indeed, we have found no case where we have held that de facto parents have such a liberty interest.

Although the raising of children by guardians and de facto parents provides incalculable benefit to many children and society as a whole, we decline to recognize a liberty interest in de facto parent-guardians sufficient to warrant a procedural due process right to appointed counsel.

2.  Equitable powers of the Probate and Family Court.  The child argues that even if the guardian has no liberty interest entitling her to counsel, the Probate and Family Court has the equitable power to allow for the appointment of counsel for indigent guardians in removal proceedings.  We agree.

The Probate and Family Court has equity jurisdiction over "all matters relative to guardianship," G. L. c. 215, § 6, and its equitable powers are "broad," Youmans, 429 Mass. at 782-783. The court's "duty as parens patriae necessitates that its equitable powers extend to protecting the best interests of children in actions before the court, even if the Legislature has not determined what the best interests require in a particular situation."  E.N.O., 429 Mass. at 827-828.

Guardianship removal proceedings require judges to "make complex determinations that consider numerous factors regarding the child's best interest and the parent's fitness."  L.B, 474

Mass. at 238. Given the complex nature of the legal and factual questions before the judge, the presence of counsel for the guardian may help the judge reach the best possible result for the child.[6] Cf. id. at 239 (presence of counsel for parent in guardian removal proceeding assists judge in making accurate and fair determinations). For instance, guardian removal proceedings may require the judge to consider "the child's bonding with the guardian during the guardianship, and the potential effect on the child of being removed from the guardian's care and returned to the parent's custody." Id. at 239. Appointed counsel for the guardian may assist the court in resolving these issues with the "utmost care." J.K.B., 379 Mass. at 4. This is particularly true where the child or legal parent may be unwilling or unable to present a full picture of the case to the judge, whether because the guardian has all the necessary and relevant information about the child or the legal parent has an incentive to withhold information.

Accordingly, we hold that the equitable powers of the Probate and Family Court allow a judge of that court to grant a motion requesting the appointment of counsel for an indigent

---

[6] The appointment of a guardian ad litem may be the most appropriate way to determine the best interest of the child in certain circumstances. See G. L. c. 215, § 56A. The ability to appoint counsel to represent a guardian in a removal proceeding is simply another tool in the judge's toolbox, which may be used separately from or in conjunction with a guardian ad litem.

guardian who is the subject of a removal proceeding, G. L. c. 190B, § 5-212, where the judge, based on the exercise of his or her sound discretion, concludes that doing so would materially assist in determining the best interest of the child and parental fitness.[7,8]

Conclusion. A guardian who is a de facto parent does not have a liberty interest in her relationship with her ward sufficient to warrant the appointment of counsel. A Probate and Family Court judge, however, may grant a motion requesting the appointment of counsel to the guardian in a removal proceeding if the judge finds, in the exercise of his or her sound discretion, that doing so would materially assist in determining the best interests of the child. The case is remanded to the Probate and Family Court for further proceedings consistent with this opinion.

---

[7] To the extent that this holding is inconsistent with dicta found in Greco v. Probate and Family Court Dep't of the Trial Court, 422 Mass. 7, 9 (1996), we do not follow it.

[8] Such appointment of counsel for the guardian does not derogate from the due process right of the legal parent, who is also entitled to counsel at guardianship removal proceedings provided the parent presents a meritorious claim for removal. L.B. v. Chief Justice of the Probate and Family Court Dep't, 474 Mass. 231, 242 (2016). See Institute of Judicial Administration-American Bar Association Joint Commission on Juvenile Justice Standards, Standards Relating to Counsel for Private Parties 1.1 (1976) ("The participation of counsel on behalf of all parties subject to . . . family court proceedings is essential to the administration of justice and to the fair and accurate resolution of issues at all stages of those proceedings").

<u>So ordered</u>.