*Andrew Randolph,* pro se.

CARE AND PROTECTION OF MARINA & others. February 4, 1997. *Supreme Judicial Court,* Appeal from order of single justice. *Parent and Child,* Adoption. *Adoption,* Care and protection.

The petitioner, who had sought relief from an interlocutory ruling of the Lawrence District Court striking the appearance of petitioner's attorney, now appeals to the full court under S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from a single justice's denial of relief under G. L. c. 211, § 3.

Although the petitioner and his counsel participated in the initial stage of the underlying care and protection proceeding, the petitioner has apparently not participated in any of the numerous later sessions, including those pertaining to the subsequent request of the Department of Social Services (department) to dispense with parental consent to adoption. Counsel for the petitioner now protests that petitioner's nonaction is not a voluntary, knowing, and intelligent waiver of his right to counsel. We need not reach the question whether that is the appropriate standard in these circumstances, for we focus on another fundamental aspect — the petitioner's apparent absolute abandonment of participation in any remaining termination of parental rights or care and protection proceedings.

The single justice, who cited the petitioner's failure to file an objection to the amended pleadings; failure to appear on the return date or for other recent court proceedings; and failure to communicate with either the depart-

ment or his attorney after the spring of 1995, did not commit an error of law, or abuse his discretion in denying the relief requested.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Kathleen M. Kelley* for the father.

*Elizabeth A. Keliher* for the Department of Social Services.

*Joseph K. Del Valle* for the minor children.

*Kenneth F. Witham* for the mother.