The defendant (mother) appeals from the denial of her motion for relief from judgment filed pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974). In essence, the motion argued that the judge erred in finding, apparently after a trial[2] on the mother's complaint for contempt filed on May 22, 2015, and amended on June 4, 2015, that the "[m]other has submitted no credible evidence that [f]ather owes her funds for agreed upon extracurricular activities and those records she submitted relate to expenses for piano and swimming which [f]ather did not agree upon." We affirm.
Our review is limited to determining whether the motion judge abused his discretion in denying the rule 60 (b) motion. Adoption of Rory, 80 Mass. App. Ct. 454, 457 (2011). Here, the mother's motion, by submitting an affidavit detailing various extracurricular expenses and supposed payments made by the mother, essentially sought to have the judge undo his finding that the mother had presented no credible evidence of contempt. What relationship the information in the affidavit and its attachments has to the evidence at trial is unknown because the mother has not included any of the trial materials in the appellate record.
In any event, the mother has not shown that the judge's trial findings were clearly erroneous. Care & Protection of Martha, 407 Mass. 319, 327 (1990) ("judge's findings must be left undisturbed absent a showing that they clearly are erroneous"). "A finding is clearly erroneous when there is no evidence to support it, or when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " Custody of Eleanor, 414 Mass. 795, 799 (1993), quoting Building Inspector of Lancaster v. Sanderson, 372 Mass. 157, 160 (1977). In addition, it is clear that the judge's findings rested upon his assessment of credibility, a matter that is not ordinarily subject to attack on a motion for relief from judgment. In short, the mother has failed to show that the judge abused his discretion in denying the rule 60 motion.
Order denying motion for relief from judgment affirmed.

We are unable to say with any certainty what occurred below because the record on appeal is deficient in nearly all respects. For example, the mother has not included the docket sheet from the trial court, nor the transcript of the proceedings on the contempt complaint.