The Department of Children and Families (department) filed this care and protection petition in March, 2014, and was granted temporary custody of the child, Vance. After a 2016 trial, a Juvenile Court judge found the mother and the father unfit and terminated their parental rights. The mother appealed.[3] On appeal, the mother argues that she was deprived of her parental rights without due process of law, she was denied her right to counsel, and the judge erred in finding that she was unfit. We disagree and therefore affirm.
Background. Shortly after Vance's birth, the mother lost custody of him to the father pursuant to a Probate and Family Court ruling. When the underlying proceedings in the care and protection case began, the mother's whereabouts were uncertain. After attempts at personal service failed, the judge allowed service by publication. According to the mother's testimony, she learned in March or April of 2014 that the department had custody of Vance, and she last visited him in December of that year. She contacted the department in March of 2016, became involved in the proceedings, and was immediately appointed counsel for the upcoming trial. The judge found that the mother was unfit and terminated her parental rights, and Vance has since been placed in a preadoptive home.
"We give substantial deference to a judge's decision that termination of a parent's rights is in the best interest of the child, and reverse only where the findings of fact are clearly erroneous or where there is a clear error of law or abuse of discretion." Adoption of Ilona, 459 Mass. 53, 59 (2011).
1. Due process. The mother first argues that the department failed to properly notify her of the proceedings, depriving her of her parental rights without due process of law. We disagree. Due process entitles parents to notice and an opportunity to be heard before their parental rights are terminated. Adoption of Hugh, 35 Mass. App. Ct. 346, 347 (1993). Here, the department took several steps to notify the mother, and she was afforded all the process due before her rights were terminated.
The judge found that the mother had actual knowledge of the care and protection proceeding as of April, 2014.[4] We reject the mother's claim that this finding was clearly erroneous. The mother herself testified to having learned in March or April of 2014 that the department had custody of Vance; she also testified that she visited Vance in December of that year, and that she learned the department was trying to contact her in October of 2015.
Regardless, once the mother contacted the department in 2016, she was indisputably afforded full due process. She was personally served and appointed counsel in the spring of 2016. The judge also postponed the trial for two months, at the department's suggestion, to allow the mother time to prepare with her attorney.[5] On the first scheduled day of trial, the mother's attorney stated that the mother was involved and prepared. The mother attended one day of trial, she testified, and her attorney was present throughout the proceedings to represent her interests.
The mother having received notice and an opportunity to be heard before her rights were terminated, any deficiencies in earlier efforts to notify her did not violate her due process rights. Cf. Adoption of Roni, 56 Mass. App. Ct. 52, 58 (2002) (due process challenge to earlier phase of care and protection proceeding was essentially moot "by virtue of the final determination of parental unfitness following a full trial" in which parents participated).
2. Right to counsel. The mother next argues that the judge should not have dismissed her first attorney, who had been appointed when the care and protection proceeding began. That attorney was dismissed five months later, after the mother had failed to appear and neither the department nor counsel had had any contact with her. Of course, termination proceedings, which threaten the fundamental interest of parents in maintaining their relationship with their children, require that indigent parents have counsel appointed. See Department of Pub. Welfare v. J.K.B., 379 Mass. 1, 3 (1979). However, counsel's appearance may be stricken if the parent repeatedly fails to participate and fails to communicate with the department or counsel. See Care & Protection of Marina, 424 Mass. 1003, 1003-1004 (1997).
The judge did not abuse her discretion in striking the mother's original attorney's appearance based on Marina. Moreover, when the mother presented herself to the court before the termination trial, she was again appointed an attorney. The mother does not argue that either attorney was ineffective. She thus was not deprived of her right to counsel.
3. Unfitness. The mother's final argument is that there was insufficient evidence of her unfitness. The department must prove unfitness by clear and convincing evidence. Custody of a Minor, 389 Mass. 755, 766 (1983). The judge's subsidiary findings will be upheld unless they are clearly erroneous. Custody of Two Minors, 396 Mass. 610, 618 (1986).
The mother argues that many of the subsidiary findings concerning unfitness are flawed because they were premised on the judge's assertedly erroneous finding that the mother was aware of the proceedings as early as the spring of 2014. This argument fails because, as explained above, the judge's finding as to the mother's awareness of the proceedings was not clearly erroneous.
There was ample evidence that the mother was an unfit parent. At trial, her position was that the father should keep custody and she wanted visitation; it was only after decrees entered terminating both parents' rights and the father died that the mother actively sought to maintain custody for herself. The judge found that the mother had not provided proper care to Vance since shortly after his birth; she had never been responsible for his special needs; she had visited him only once in two and one-half years; and she has serious physical and mental health problems, including substance use issues, making her unable to care for Vance. The mother also failed to engage in any department services or even contact the department for nearly two years, despite her knowledge of the pendency of the case. There was no reasonable expectation that the mother would become able to provide proper care for Vance within a reasonable time.
The judge's many subsidiary findings regarding the mother's unfitness were not clearly erroneous, and the judge's ultimate finding of unfitness was supported by clear and convincing evidence, as was the finding that Vance's best interests would be served by adoption.
Decree affirmed.

The father and Vance also appealed, but the father died unexpectedly while this appeal was pending. Vance's motion to dismiss his appeal of the decree terminating the father's rights is allowed. Vance asks us to affirm the decree terminating the mother's parental rights.

The judge also found that the mother knew that she could ask for custody and visits, based on the mother's past experience with a department-initiated care and protection proceeding that led to the termination of her parental rights as to her four older children.

The mother argues that the judge abused her discretion by denying the mother's later request for a continuance when the mother had medical issues assertedly preventing her from attending trial. However, judges in their discretion are entitled to decline to postpone scheduled trials in care and protection cases. See Care & Protection of Quinn, 54 Mass. App. Ct. 117, 120 (2002) (noting that such decisions ordinarily are "relatively immune from appellate second-guessing"). In denying the request, the judge mentioned the uncertainty of the mother's past medical issues and determined that "she might not be medically available for another year; I'm not going to make this [child] wait." Then, on the last day of trial, the mother was again absent; counsel sought a continuance, asserting that the mother might be in the hospital, but had not verified whether that was the case. The judge did not abuse her discretion by denying the requests for continuances.